## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

ST. DEVON ANTHONY COVER, :
 :
   Petitioner, :
 :
v. :  CASE NO. 4:12-CV-194-CDL-MSH
 :   28 U.S.C. § 2241
ERIC HOLDER, JANET :
NAPOLITANO, FELICIA SKINNER, :
and MICHAEL SWINTON, :
 :
   Respondents. :
_____

## REPORT AND RECOMMENDATION

  Presently pending before the Court are Respondents' motion to dismiss (ECF No. 11) and Petitioner's motion for sanctions (ECF No. 13), motion for an evidentiary hearing (ECF No. 16), motion for release from detention (ECF No. 16), motion to stay deportation (ECF No. 19), and motion for a hearing (ECF No. 19). Subsequent to these filings, Petitioner was deported. (Notice of Deportation & Change of Address 1, ECF No. 22.) As a result of his deportation, and as explained below, Petitioner's application for habeas relief is now moot. It is therefore recommended that this case be dismissed as moot. Petitioner's and Respondents' currently pending motions should likewise be denied as moot.

## BACKGROUND

  On August 17, 2012 Petitioner filed an application for habeas relief pursuant to 28 U.S.C. § 2241. (Pet. for Writ of Habeas Corpus 13, ECF No. 4.) Petitioner pled guilty

on April 20, 2007, to drug trafficking and was sentenced to seventy months imprisonment and sixty months of supervised release.  (Pet. for Writ of Habeas Corpus ¶ 28.)  While serving this sentence, U.S. Immigration and Customs Enforcement (ICE) issued a Notice to Appear (NTA) charging that Petitioner was removable because of his conviction of an aggravated felony.  (Pet. for Writ of Habeas Corpus ¶ 34; Resp'ts' Mot. to Dismiss Ex. A-2, ECF No. 11-4.)  On October 27, 2011, Petitioner was ordered removed to Jamaica by an Immigration Judge.  This decision was remanded by the Board of Immigration Appeals (BIA) on March 23, 2012.  (Pet. for Writ of Habeas Corpus ¶ 37.)  Petitioner was again ordered removed by an Immigration Judge on September 20, 2012.  (Resp'ts' Mot. to Dismiss Ex. A-5, ECF No. 11-7.)  Petitioner appealed to the BIA which appeal was denied.  Petitioner then appealed to the Eleventh Circuit.  The Eleventh Circuit appeal is still pending.  *See generally Cover v. U.S. Attorney Gen.*, No. 13-11023 (11th Cir. 2013).  On May 1, 2013, the Court received a notice of deportation from Petitioner that states that Petitioner was deported to Jamaica on April 25, 2013.  (Notice of Deportation & Change of Address 1, ECF No. 22.)

## DISCUSSION

### I.    Petitioner's deportation moots his request for habeas relief

Through his application for habeas relief, Petitioner sought to be released from custody, injunctive relief preventing further detention of Petitioner, and injunctive relief preventing the use of Petitioner's 2007 conviction against him in immigration proceedings.  (Pet. for Writ of Habeas Corpus 12-13.)  As is discussed *infra*, the Court

2

lacks jurisdiction to determine whether Petitioner is subject to deportation. Consequently, the Court cannot grant injunctive relief to Petitioner regarding the legality of his deportation or his final order of removal.  The other two forms of relief requested by Petitioner are mooted by his deportation.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted).  "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.  Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted.  *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254).  Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional."  *Al Najjar*, 273 F.3d at 1336.

## II.    The Court lacks jurisdiction to determine removability

To the extent that Petitioner is challenging his removability, his petition should be dismissed for lack of jurisdiction.  Specifically, the REAL ID Act, 8 U.S.C. § 1252, divests this court of jurisdiction to hear any challenge to a final order of removal.  The REAL ID Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

8 U.S.C. § 1252(a)(5).  This is a clear statement of congressional intent to limit habeas jurisdiction in certain circumstances.  *See Sundar v. INS*, 328 F.3d 1320, 1324 (11th Cir. 2003) (explaining that habeas review may only be limited where there is a clear statement by Congress); *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699-700 (11th Cir. 2011) ("[A]n order of removal maybe reviewed only by a court of appeals after the filing of a petition for review.").  There is an order of removal here that can only be, and currently is being, reviewed by the Eleventh Circuit.  *See generally Cover v. U.S. Attorney Gen.*, No. 13-11023 (11th Cir. 2013).  This Court lacks jurisdiction under the REAL ID Act to hear Petitioner's claims concerning whether his order for removal was "legal" or proper.

## III.    Parties' pending motions

Although the Court is recommending dismissal, it is for a reason other than that proposed by Respondents' motion to dismiss (ECF No. 11).  Consequently, Respondents' motion should be denied as moot.  Petitioner also has pending several motions—a motion for sanctions (ECF No. 13), motion for an evidentiary hearing (ECF No. 16), motion for release from detention (ECF No. 16), motion to stay deportation (ECF No. 19), and motion for a hearing (ECF No. 19)—which should be denied as moot.  Furthermore, Petitioner's motion to stay deportation should be denied because this Court lacks

jurisdiction to determine his removability.  The Eleventh Circuit has previously denied Petitioner's motion for a stay of removal finding that Petitioner "failed to demonstrate that he qualifies for a stay[.]"  *Cover*, No. 13-11023-E, slip. op. (11th Cir. Mar. 26, 2013). Consequently, Petitioner's motion to stay his removal has been heard and denied by the Court which properly has jurisdiction over that question.  Petitioner's motions should thus be denied.

## CONCLUSION

For the reasons stated above, Petitioner's application for habeas relief should be dismissed.  Respondents' motion to dismiss (ECF No. 11) and Petitioner's motion for sanctions (ECF No. 13), motion for an evidentiary hearing (ECF No. 16), motion for release from detention (ECF No. 16), motion to stay deportation (ECF No. 19), and motion for a hearing (ECF No. 19) should be denied.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED this 4th day of June, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE